Trust of Robert Walsh Smyth, John M. Smyth, Ethel Walsh Smyth, and John M. Smyth, Jr., Trustees v. Commissioner. Trust of John M. Smyth, Jr., John M. Smyth, Ethel Walsh Smyth, and John M. Smyth, Jr., Trustees v. Commissioner. Trust of Barbara Jane Smyth, John M. Smyth, Ethel Walsh Smyth, and John M. Smyth, Jr., Trustees v. Commissioner. Trust of Nelson Edward Smyth, John M. Smyth, Ethel Walsh Smyth, and John M. Smyth, Jr., Trustees v. Commissioner.
Trust of Smyth v. Commissioner
Docket Nos. 110422, 110423, 110424, 110425.
United States Tax Court
1943 Tax Ct. Memo LEXIS 321; 1 T.C.M. (CCH) 1019; T.C.M. (RIA) 43216; May 5, 1943
*321 John E. Hughes, Esq., for the petitioners. G. E. Gibson, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a liability of $600 against each of the petitioners as a "transferee or donee" of John M. Smyth and as representing an unpaid gift tax deficiency of the latter for the year 1937. The question in each proceeding is the same and they are consolidated for hearing. Findings of Fact The petitioners are four trusts created on December 30, 1937 by John M. Smyth through the execution of four irrevocable trust agreements, each designating as primary beneficiary one of his four children, John M. Smyth, Jr., Nelson Edward Smyth, Robert Walsh Smyth, and Barbara Jane Smyth. The address of the four petitioners is 703 West Madison Street, Chicago, Illinois. The provisions of the four trust instruments creating the four petitioners are identical except for the name of the beneficiary. Under each of these agreements there was transferred to John M. Smyth, Ethel Walsh Smyth, and John M. Smyth, Jr., as trustees, 100 shares in the John M. Smyth trust estate having a book value of $50 per share. The trust instrument in each case empowers *322 the trustees, in their discretion, to either accumulate the trust income or distribute it to the beneficiary and also to invade the corpus by distribution if, in their opinion, this action was in the interest of the beneficiary. The term of each trust was 25 years, the corpus then to be distributed to the beneficiary, or upon his death prior to that date the trust would terminate and the corpus be distributed to his issue surviving and if none, then to the issue of the grantor then surviving. On March 14, 1938 the donor John M. Smyth filed a gift tax return reporting the gifts made in the prior year to the four petitioner trusts as above described. In this return the gifts to each trust were reported at a value of $5,000 or a total of $20,000. In the case of each gift an exclusion of $5,000 was taken, resulting in the computation of no gift tax liability. Upon audit by respondent of this return the gifts were determined by him to be future interests in property and the four exclusions were disallowed and a deficiency in gift tax for 1937 was determined as due from the donor in the sum of $600. No notice of this deficiency in gift tax was sent to the donor, but in the case of each *323 of the four petitioner trusts determinations of liability "as transferees or donees" in the sum of $600 were made and notices of such liabilities were mailed them February 10, 1942. Subsequent to the filing of these proceedings respondent made demand, through the collector for the First District of Illinois, upon the deficiency of each of the petitioner trusts for the payment as donee of the deficiency of $600 in gift tax determined as due from John M. Smyth for the year 1937, together with interest thereon, and on July 13, 1942 payment was made by each beneficiary upon such demand. The payment in each case was $600 as gift tax and $154.34 as interest, or a total in each case of $754.34. Opinion The first contention is that the liability asserted in each instance is barred of collection by the statute of limitations, section 526 (b) (1), Revenue Act of 1932. On this question the record establishes the fact that the notices of liability as donees or transferees were mailed to the four petitioner trusts within one year after the expiration of time for collection of the tax from the donor and they are accordingly timely. . *324 Petitioners' second contention is that although they are transferees, the beneficiaries are the donees. . It is then argued that the liability for unpaid gift tax is specifically placed by section 510 of the Revenue Act of 1932 on the donee and, consequently, the individual beneficiaries, as donees, are the proper parties against whom the liability should be asserted. On this petitioners are concluded by our recent decision in . We held there that the trustees, being in possession of the transferred property and holding it under section 510, supra, subject to a lien for the unpaid tax and being by sections 526 and 527 of the Revenue Act of 1932 subject to the liability of the donee in respect of such tax, they are subject to assessment for such liability. Although this disposes of petitioners' contention that they are not proper parties to such a proceeding, we must still determine their present liability. This depends upon whether a liability rests upon the donees since it is only such liability that the trustees must assume. On this the record *325 shows that subsequent to the assertion of the liability by the respondent against these four petitioner trusts, respondent collected the full amount of the tax and interest from each one of the original donees. The tax has been collected four times over. Each donee has paid the full amount of any liability subject to collection from him. There is consequently no unpaid deficiency in gift tax due from the donor, no liability existing on the part of the donees and no liability which these petitioners may be required to meet. Decisions will be entered for the petitioners.